**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **TINA RAMIREZ,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WHITNEY CLARK, JOHN P. BURNS, BRIAN GOTLIEB, ROBERT MAYBERGER, GENINE EDWARDS, JUDY KIM, JOY CAMPANELLI, THOMAS MARCELLE, VANESSA FANG, SALLIE MANZANET-DANIELS, KEVIN MCCLANAHAN, ERIC KOMITTEE, WAVNY TOUSSAINT, WILLIAM G. FORD, CARMEN A. PACHECO, JACK STOLLER, DAVID J. VENTURELLA, MICHAEL ROSENTHAL, TANYA FAYE, ERIC GONZALEZ, DIANNE RENWICK, DANIEL RAMOS, GINA ABADI, KAM YUEN, ARLENE BLUTH, SUZANNE ADAMS, MARGO BRODIE, LAURA TAYLOR SWAIN, JAMES E. BOASBERG, JOSEPH B. EDLOW, EDGARDO RAMOS, and DAKOTA RAMSEUR,**<br><br>**Defendants.** | **Case No. 26-CV-0608-CVE-SH** |

**OPINION AND ORDER**

Before the Court are plaintiff Tina Ramirez's pro se complaint (Dkt. # 1) and motion for leave to proceed in forma pauperis (Dkt. # 2).

The Court first addresses plaintiff's motion for leave to proceed in forma pauperis. The Tenth Circuit has held that proceeding in forma pauperis in a civil proceeding "is a privilege, not a right—fundamental or otherwise." White v. Colorado, 157 F.3d 1226, 1233 (10th Cir. 1998); Green

v. John Suthers, 208 F.3d 226 (10th Cir. 2000) (unpublished table decision).[1] Moreover, "[t]he decision to grant or deny in forma pauperis status under § 1915 lies within the sound discretion of the trial court." Cabrera v. Horgas, 173 F.3d 836 (10th Cir. 1999) (unpublished table decision); Burns v. Veterans Admin., 162 F.3d 1172, 1172 (10th Cir. 1998) (unpublished table decision). To prevail on a motion to proceed in forma pauperis, a litigant "must show a financial inability to pay the required filing fees," Lister v. Dep't of the Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005), and "an application to proceed in forma pauperis should be evaluated in light of the applicant's present financial status." Scherer v. Kansas, 263 F. App'x 667, 669 (10th Cir. 2008) (unpublished table decision).

Although plaintiff incorrectly used AO 240 (Short Form) to submit her application to proceed in forma pauperis instead of the Court's proper form (ProSe-14), the Court reviews her application. Plaintiff's incomplete application states that her gross pay or wages are "$499.00" and her take-home pay wages are "$499.00 per month." Dkt. # 2, at 1. Plaintiff then fails to disclose whether she is employed and her employer's name and address and states that, in the past twelve months, she has not received income from: "[b]usiness, profession, or other self-employment; [r]ent payments, interest or dividends; [p]ension, annuity, or life insurance payments; [d]isability, or worker's compensation payments; [g]ifts, or inheritances; [or] [a]ny other sources." Id. Plaintiff states that "in cash or in a checking or savings account" she has $100. Id. at 2. Plaintiff also states that her "housing, transportation, utilities, or loan payments, or other regularly monthly expenses" total $500; however, she does not describe these expenses. Id. Based on plaintiff's income and monthly

---

[1] This and other cited unpublished decisions are not precedential, but may be cited for their persuasive value. See FED. R. APP. P. 32.1; 10TH CIR. R. 32.1.

expenses, as stated in her application, the Court concludes that plaintiff has shown a financial inability to pay the $405 filing and administrative fee to commence this action. Thus, the Court grants plaintiff's application to proceed in forma pauperis.

On October 5, 2026, plaintiff filed a one-page complaint containing two sentences. The complaint states in toto, "Defendant violated first amendment rights in denying access. Plaintiff demands a trial." Dkt. # 1, at 1. The Court addresses this complaint sua sponte because "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject-matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 501 (2006)).

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzalez, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. v. Union Gas Sys. Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). A plaintiff bears the burden of alleging jurisdictional facts and demonstrating the presence of such jurisdiction. McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 182-83 (1936); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002). Accordingly, a court must dismiss any claim that does not fall within its subject-matter jurisdiction. FED. R. CIV. P. 12(h)(3). In determining whether a pro se litigant's claim falls within a court's subject-matter jurisdiction, a court must hold a pro se litigants' pleadings to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). For example, "[n]ot every fact must be described in specific detail," and a plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor

syntax and sentence construction, or his unfamiliarity with pleading requirements" must be excused under this lenient standard. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the leniency afforded to a pro se litigants' allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Id.

Applying a lenient standard, the Court finds that plaintiff's complaint does not allege any basis for federal subject-matter jurisdiction and it therefore cannot permit plaintiff to proceed with her claims. Although plaintiff alleges that defendants violated the First Amendment, plaintiff fails to meet the pleading requirements for federal question jurisdiction under 28 U.S.C. § 1331. The presence of a federal question is determined by the "well-pleaded complaint rule, which provides that federal jurisdiction only exists when a federal question is presented on the face of a plaintiff's properly pleaded complaint." Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001). Thus, it is the litigant's burden to identify "the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." Martinez v. U.S. Olympic Comm., 802 F.2d 1275, 1280 (10th Cir. 1986). As plaintiff has not alleged any facts to show that defendants violated plaintiff's First Amendment rights "in denying access," plaintiff has failed to make the requisite showing. Nor does plaintiff allege that complete diversity of citizenship exists among the parties for the Court to exercise jurisdiction under 28 U.S.C. § 1332(a). McPhail v. Deere & Co., 529 F.3d 947, 951 (10th Cir. 2008). Looking at the envelope containing plaintiff's complaint, it appears that plaintiff sent her complaint from Fresno, California. Dkt. # 1, at 2. However, plaintiff fails to identify either her citizenship or the citizenship of defendants; in fact, plaintiff neglects to even identify who defendants are. The Court is left with no

basis on which to conclude it has subject-matter jurisdiction and must dismiss plaintiff's claims under Federal Rule of Civil Procedure 12(h)(3).

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed** for lack of subject-matter jurisdiction. A separate judgment of dismissal is entered herewith.

**DATED** this 7th day of October, 2026.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE